UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| IN RE: | CASE NO: 12-41004 |
| | CHAPTER: 7 |
| **PATRICIA M. CONNER** / | JUDGE: Hon. Marci B McIvor |
| Debtor: | |
| **PATRICIA M. CONNER** / | |
| Plaintiff: | |
| V | ADV. PROC. NO. **13-05355** |
| U.S. DEPARTMENT OF EDUCATION and | |
| EDUCATIONAL CREDIT MANAGEMENT CORPORATION | |
| / | |
| Defendants | |

## PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS, INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

PLEASE TAKE NOTICE, that you are requested and required to furnish Responses and Answers to the following Request for Admissions, Interrogatories and Requests for Production of Documents to the undersigned attorneys for Debtor/Plaintiff, within thirty (30) days from the date of service hereof pursuant to the Federal Rules of Bankruptcy Procedure.

This Request for Admissions, Interrogatories and Request for Production of Documents calls for information discoverable to the full extent contemplated by the scope of Rules 33, 34, and 36 of the Federal Rules of Bankruptcy Procedure, including opinions or contentions that relate to the facts and the application of law to facts.

IN ANSWERING AND RESPONDING TO THIS REQUEST FOR ADMISSIONS, INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS, IF PRIVILEGE IS CLAIMED AS TO ANY INFORMATION OR DOCUMENTS, OR A REQUEST FOR ADMISSIONS, INTERROGATORY OR REQUEST FOR PRODUCTION OF

DOCUMENTS IS OTHERWISE NOT ANSWERED IN FULL AFTER THE EXERCISE OF DUE DILIGENCE TO SECURE COMPLETE INFORMATION, STATE THE SPECIFIC GROUNDS FOR NOT ANSWERING IN FULL AND RESPOND TO ANSWER THE DISCOVERY REQUEST TO THE EXTENT TO WHICH NO PRIVILEGE IS CLAIMED OR INFORMATION IS AVAILABLE, AND FULLY IDENTIFY THE INFORMATION OR DOCUMENTS FOR WHICH THE PRIVILEGE IS ASSERTED AND SPECIFY THE PRIVILEGE.

If a Request for Admission, Interrogatory or Request for Production of Documents is directed to matters you have alleged or obtained on information and belief, set forth all such information in your Answer or Response, identify its source in accordance with the definitions given below, and otherwise, and state the reasons supporting your belief.

If you claim that the number of Interrogatories exceeds fifty, answer the first fifty Interrogatories and subparts in the order asked and place the counting number in parenthesis behind your answer for each Interrogatory and subpart you claim is to be counted as one of the fifty that you answer.

This Request for Admissions, Interrogatories and Request for Production of Documents is deemed to be continuing and should you, your attorneys or agents obtain any other information which could add to, modify or qualify the answers supplied herein, you are directed to give timely notice of such information and furnish same to the undersigned party and its attorneys without delay pursuant to Rule 26.05 of the Federal Rules of Bankruptcy Procedure.

## DEFINITIONS

The following definitions are to be considered as applicable to all of the following Requests for Admissions, Interrogatories and Requests for Production of Documents:

A. The words "you" and "your" mean the answering party(ies), employees, agents, representatives and other persons acting or purporting to act on behalf thereof, and if you are an entity other than an individual, "you" and "your" also mean present and former officials, executives, officers, directors, parent or subsidiary companies, any merged or acquired predecessors, and any other persons or entities acting on the entities behalf or on behalf of any parent, subsidiary or predecessor organization, including its prior and present legal counsel.

B. Reference to "Plaintiff" or "Plaintiff's" or "Defendant" or "Defendant's" mean all entities of such named party, including, without limiting the generality of the foregoing, all individuals, associations, companies, firms, divisions, partnerships, subsidiaries, joint ventures, corporations, trusts, estates, departments, bureaus and boards of that party.

C. The singular shall be deemed to include the plural and vice versa, and the past shall be deemed to include the present and vice versa.

D. "Person" or "persons" mean any individual, firm, partnership, association, organization, corporation, joint venture, government (or agencies thereof), quasi-public entity or any other legal or commercial entity.

E. "Meeting" means any coincidence of presence of persons, whether by chance or pre-arranged, including, but not limited to, a formal or informal gathering, social or business occasion, whether in person, by telephone electronically or otherwise, or any other group situation of two or more persons.

F. "Communication" means all modes of conveying meaning or information, such as, but not limited to, telephone, telegraph or written, spoken or sign language between two or more persons.

G. The term "documents" shall mean all written, printed, typed, recorded or graphic matter, however produced or reproduction of every kind and description, in whatever form (e.g., final and draft versions) in the actual or constructive possession, custody, care or control of the answering party. Including, without limitation, all writings, correspondence, letters, telegrams, notes, mail grams, minutes of directors, committee or task force meetings, agendas, memoranda, interoffice communications, reports, studies, forecasts, analysis, working papers, charts, requests for authorization, expense account reports, charge or credit account vouchers, calendars, appointment books, diaries, drawings, graphs, photographs, sound reproduction tapes, data compilations from which information can be obtained or can be translated through detection devices into reasonably usable form, computer inputs or outputs, or any other tangible thing which constitutes or contains matters within the scope of Rule 26 of the Federal Rules of Bankruptcy Procedure for the United States Bankruptcy Court for the District of Minnesota. Additional definitions are set forth in the definition section of the undersigned's Interrogatories to you.

H. "Identify" means, with respect to an individual person, to set forth that individual's full name and, on the first occasion that such individual is identified, the following information:

1. Present home address;

2. Present business address;

3. Present employer;

4. Present job title;

5. Present job description;

6. Employer at the time of the event about which inquiry is made with a description of the nature of the job and the job title; and,

7. Home and office telephone numbers.

I. "Identify" means, with respect to an entity other than the individual person, to set forth the full name or title of the entity and, on the first occasion that such entity is identified, to state the address of its principal place of business and describe the principal business or activity of such entity.

J. "Identify" means, with respect to a document, to set forth the following information:

1. The nature of the document (i.e., letter, memorandum, report, etc.);

2. The date of the document bears or, if undated, the day it was written or created;

3. The identification of all persons (other than routine clerical personnel) who participated in the preparation of the document;

4. The file number or other identifying mark or code of the document;

5. The general subject matter; and

6. The present location(s) and custodian(s) or, if unknown, the last known location(s) and custodian(s) of the document.

In all cases where identification of the particular document is requested, in lieu of such identification, you may supply a fully legible copy of the document in question. This permission,

however, shall in no way prejudice the requesting party's right to require production and inspection of all records in your possession.

K. "Identify" means, with respect to meetings or non-written communications, to set forth the following information:

1. The nature of the meeting or communication, i.e., telephone call, conference, electronic mail, luncheon meeting, etc.;

2. A summary of the substance of the meeting or communication;

3. The date and time of the meeting or communication;

4. The place of origin of the meeting or communication and, if different (as in the case of telephone communications), the place at which the communication was received;

5. Identification of all participants or witnesses to the meeting or communication and all persons with any knowledge of the meeting or communication or substance thereof.

L. As used herein, the singular form of the word, i.e., "document" or "person" shall refer to the plural as well, and masculine gender includes feminine, and feminine includes masculine.

# REQUEST FOR ADMISSIONS

Pursuant to Federal Rules of Bankruptcy Procedure, you are requested to admit or deny that the following statements are true within thirty (30) days of service hereof:

REQUEST NO. 1.    That Plaintiff incurred the obligations in this matter as part of educational student loan disbursements.

REQUEST NO. 2.    That monies obtained from the disbursements were used for educational expenses including but not limited to tuition, fees, books, and reasonable living expenses.

REQUEST NO. 3.    That Plaintiff graduated from Wayne State University in Detroit MI ("WSU").

REQUEST NO. 4.    That Plaintiff, inexplicably and without notice, became increasingly ill beginning in or about 2005.

REQUEST NO. 5.    That as a result of Plaintiff's illness, she was laid off, transferred from school-to-school, became unable to obtain a promotion and/or seek or maintain any other kind of gainful employment for approximately nine (9) years.

REQUEST NO. 6.    That Plaintiff's has experienced pay cuts and reduced benefits as a result of her employment with Detroit City School District ("DPS"), a school district that is under control of a Financial Manager appointed by the State of Michigan.

REQUEST NO. 7.    That Plaintiff was rescued from home eviction by Human Service Organizations in 2012 as a result of her student loan payments and 2011 injury.

REQUEST NO. 8.    That Plaintiff eventually had to eventually file for Chapter 7 bankruptcy to provide food and shelter for her and her daughter.

REQUEST NO. 9. That as a result of Plaintiff's condition, she has accepted nonpaid leaves from her job classified under the Family Medical Leave Act.

REQUEST NO. 10. That among the doctors Plaintiff has seen, she has visited a physical medicine medical physician named Dr. M. David Jackson ("Dr. Jackson").

REQUEST NO. 11. That Dr. Jackson diagnosed Plaintiff with fibromyalgia.

REQUEST NO. 12. That Dr. Jackson diagnosed Plaintiff with severe pain and periodic flair ups.

REQUEST NO. 13. That Dr. Jackson diagnosed Plaintiff with depression from pain.

REQUEST NO. 14. That among the doctors Plaintiff has seen, she has visited a rheumatologist physician name Dr. Michael Shlomo who restricted Plaintiff's movements.

REQUEST NO. 15. That among the doctors Plaintiff has seen, she has visited Perfect Smile Dental Office and received a treatment plan from physician name Dr. Marion Mason ("Dr. Mason"). Dr. Mason included several root canals and multiple fillings in her plan.

REQUEST NO. 16. That in 2013, Dr. Jackson has filled out and signed forms for Plaintiff that certified that Plaintiff was permanently partially disabled, required American with Disabilities Accommodations and a FMLA.

REQUEST NO. 17. That Plaintiff had not been able to secure steady employment. She has been required to reapply for her job annually and there have been educational requirements to maintain employment.

REQUEST NO. 18. That Plaintiff currently takes medication to treat her illness.

REQUEST NO. 19. That Plaintiff still suffers from severe joint pain.

REQUEST NO. 20. That Plaintiff as a result of her medication suffers from fatigue.

REQUEST NO. 21.   That Plaintiff's sole proprietor business has been inactive since 2009.

REQUEST NO. 22.   That Plaintiff had to attend school and/or professional development to renew her professional teaching certification.

REQUEST NO. 23.   That Plaintiff, because of her illness, is unable to work more than forty (40) hours per week.

REQUEST NO. 24.   That Plaintiff, because of her illness, is unable to work at a job that requires her to work year long. Her current employment allows in excess of 70 days off per year.

REQUEST NO. 25.   That Plaintiff, even with her current job of providing resource support for students with special needs in a public school, must sleep in excess of twelve (12) hours per night in order to maintain the mental focus that her relatively simple work requires.

REQUEST NO. 26.   That Plaintiff's outstanding indebtedness to each of the Defendants is substantially greater than her total net assets.

REQUEST NO. 27.   That Plaintiff's monthly expenses are almost equal to Five Thousand One Hundred Four and 33/100 Dollars ($5,104.33) per month without student loan payments.

REQUEST NO. 28.   That Plaintiff's total monthly income is approximately Five Thousand One Hundred Four and 33/100 Dollars ($5,104.33) per month.

REQUEST NO. 29.   That Plaintiff's reasonable annual income (the total amount) could not pay off the student loans in less than five years.

REQUEST NO. 30.   That Plaintiff cannot maintain, based on her current or retirement income and expenses, a minimal standard of living for herself and her dependents if forced to repay the student loans which are the subject matter of this litigation.

REQUEST NO. 31. That Plaintiff's current state of affairs is likely to persist for a significant portion of the repayment period of the student loans which are the subject matter of this litigation.

REQUEST NO. 32. That Plaintiff has made good faith efforts to achieve the financial security which would allow her to repay the loans.

REQUEST NO. 33. That Plaintiff has repaid sums which in total are an amount equal to or greater than the interest payment on her student loans.

REQUEST NO. 34. That the Debtor/Plaintiff is now 61 years old and is not expected to be able to pay off both principal and interest during her lifetime. If she lives to be 100 years old the principal payment amount without interest would require a payment in access of 416.00 per month.

REQUEST NO. 35. That requiring Debtor/Plaintiff to repay the education loans would result in an undue hardship.

REQUEST NO. 36. That requiring Debtor/Plaintiff to repay the educational loans would be unconscionable.

## INTERROGATORIES

Pursuant to Federal Rules of Bankruptcy Procedure, Rule 33 you are requested to provide answers to the following Interrogatories within thirty (30) days of service hereof.

In answering these Interrogatories, furnish such information as is available to you, however obtained, including hearsay and information known by or in the possession of your employees, representatives or agents, including your attorneys. If any Interrogatory cannot be answered in full, after exercising due diligence, to secure the requested information, answer the Interrogatory to the extent possible and specify your inability to answer the remainder of the Interrogatory.

INTERROGATORY NO. 1. State in detail your version of the facts that are the subject matter of this litigation and describe in detail your version of how the incidents and events that are the subject matter of this lawsuit occurred.

INTERROGATORY NO. 2. Identify in detail the factual basis for each of your claims and defenses to this action and every document, statement or thing which supports your claims or defenses and attach copies of such documents, statements or things to your Answers to these Interrogatories.

INTERROGATORY NO. 3. Identify all communications, oral or otherwise, in which you were a participant or a witness, which in any way relate to the subject matter of this litigation.

INTERROGATORY NO. 4. Identify any and all documents consulted, referred to or used in preparing your Responses to these Interrogatories, Requests for Admissions, Requests for Production of Documents.

INTERROGATORY NO. 5. Identify every person, who is a witness to the incidents and events that are involved in the subject matter of this litigation or has knowledge of any relevant

fact(s) pertaining to this litigation, give a brief statement of the facts believed to be known by each such person(s) and how they became known.

INTERROGATORY NO. 6. Identify each person whom you expect to call as a witness at the trial of the above-entitled action and designate whether each such witness is an expert witness.

INTERROGATORY NO. 7. For each expert witness named in response to the preceding Interrogatory state the following:

    a.    The subject matter to which each such expert is expected to testify;

    b.    The substance of the facts and opinion to which each such expert is expected to testify;

    c.    A detailed summary of the grounds for each expert's opinions; and,

    d.    A complete resume of each expert's education, work background and qualifications.

INTERROGATORY NO. 8. Identify all persons answering or helping to answer these Interrogatories.

INTERROGATORY NO. 9. For each Request for Admission submitted to you by the party represented by the undersigned counsel that you have not unqualifiedly admitted, state fully and comprehensively all facts and identify all documents on which you rely to base the denial or qualification of each such Request for Admission.

# REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Federal Rules of Bankruptcy Procedure, you are requested to provide the following documents to the undersigned Plaintiff at 26775 Pebbleview #102, Southfield MI 48034. You may produce a legible photocopy in lieu of the original of any document or thing that has been requested above. As to a document or thing that cannot be photocopied, you may identify the location and custodian of such document or such things and the times and conditions on which it will be made available for inspection. Said times for inspection shall be within a reasonable time after the due date of your response to this request and any conditions imposed shall be with cost to the Plaintiff and reasonable.

In responding to this Request for Production of Documents, <u>if any documents or other items requested have been destroyed, lost or otherwise disposed of</u>, identify such documents, the content, their whereabouts, the person involved in their disposition, the persons with knowledge of the document and the present location and custodian of such document.

REQUEST NO. 1.   All documents which in any way relate to any claims and defenses which you may assert in this litigation including collection communication to Plaintiff.

REQUEST NO. 2.   All contracts, statements or account invoices and other documents related to or described in any relationships between any of the parties hereto.

REQUEST NO. 3.   All documents which you have identified in your Responses and Answers to these Request for Admissions, Interrogatories and Request for Production of Documents and all documents which you have in any manner whatsoever relied upon in answering any part of these Request for Admissions, Interrogatories and Request for Production of Documents.

REQUEST NO. 4.   All contracts and/or agreements entered into between you and any other parties regarding the subject matter of this litigation.

REQUEST NO. 5. All other documents that have not been requested in the foregoing requests, but that are in your possession that in any way relate to the subject matter of this litigation.

Dated: 4/10/2014

(Signature)

Print Name: **Patricia M. Conner**

26775 Pebbleview, Apt. 102

Southfield MI 48034

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:     CASE NO: 12-41004
    CHAPTER: 7
__PATRICIA M. CONNER__ /     JUDGE: Hon. Marci B McIvor
    Debtor:

__PATRICIA M. CONNER__ /
    Plaintiff:
V     ADV. PROC. NO. __13-05355__

U.S. DEPARTMENT OF EDUCATION and
EDUCATIONAL CREDIT MANAGEMENT CORPORATION
_____/
    Defendants

## CERTIFICATE OF SERVICE

I, Patricia M. Conner, certify that on the __10th__ day of April, 2014, a true and correct copy hereof was served upon the attorneys for the defendants by __personal delivery__ to:

Daniel N. Sharkey (P53837)
Brooks Wilkins Sharkey & Turco PLLC
401 S. Old Woodward Avenue, Suite 400
Birmingham, MI 48009
(248) 971-1712

Julia A. Caroff
Assistant U.S. Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9772

Dated: __4-10-2014__

_____
(Signature)
Print Name: __Patricia M. Conner__

26775 Pebbleview, Apt. 102

Southfield MI 48034