UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re: PATRICIA M. CONNER,

               Debtor.

_____/

PATRICIA M. CONNER,

               Plaintiff,

-vs-

U.S. DEPARTMENT OF EDUCATION, et al.,

               Defendants.

_____/

Bankr. No. 12-41004-MBM

Chapter 7

Adversary No. 13-05355-MBM
Hon. Marci B. McIvor

## UNITED STATES OF AMERICA'S RESPONSES TO
## PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS; INTERROGATORIES
## AND REQUESTS FOR PRODUCTION OF DOCUMENTS

The United States of America, by its agency, the United States Department of Education,

responds to the Plaintiff's Request for Admissions, Interrogatories and Requests for Production

of Documents (Doc. #74) as follows:

### GENERAL OBJECTIONS

1.      Plaintiff has propounded thirty –six requests to admit.   Many of these requests

are vague as to the time or place of the event, circumstance or condition for which the admission

is requested.  The lack of specificity and sweeping generalizations of many of the requests make

them not so much admissions of fact as conclusions drawn from assumptions, precluding any

response other than a denial.

2.      Plaintiff is either in possession or control of the information needed to respond to

her requests to admit, most of which involve matters in her medical, employment or financial

records. However, none of the requests to admit is accompanied by or makes reference to a supporting document or other admissible evidence. Although the United States has served Plaintiff with discovery, complete responses have not been forthcoming. The United States accordingly lacks sufficient information to enable it to admit or to deny the requests for admission, and the United States cannot obtain that information by making reasonable inquiry.

3. Should the Plaintiff identify and provide the information to support her request to admit, the United States will investigate this information and respond.

4. The United States objects to these requests to the extent that they are an attempt by the Plaintiff to shift her burden of proving, by a preponderance of the evidence, that she is entitled to an undue hardship discharge. The matters that Plaintiff seeks to have admitted concern information within her possession and control and are not readily obtainable by the United States.

## DEFINITIONS

1. The United States objects to the definition of "Identify" in Paragraph H, regarding individuals, as Plaintiff's Definitions as overly broad with respect to personal information regarding the respondent or any other individuals referenced in the responses, as such information is not relevant or likely to lead to the discovery of relevant information.

2. The United States objects to the definition of "Identify" in Paragraph J, regarding documents, as Plaintiff's Definitions are burdensome and not likely to lead to the discovery of relevant information, as the records produced in response to these requests are agency records regarding educational loans that Plaintiff obtained over a number of years. As these loans have originated at the educational institution, the Department of Education does not know the identities of all persons who participated in the preparation of the record. Many loan collection

functions are preformed either by servicers or agency personnel who handle many cases and lack personal knowledge of a particular transaction.

## REQUEST FOR ADMISSIONS

**REQUEST NO. 1.**    That Plaintiff incurred the obligations in this matter as part of educational student loan disbursements.

**RESPONSE:** Admits.

**REQUEST NO 2.**    That monies obtained from the disbursements were used for educational expenses including but not limited to tuition, fees, books, and reasonable living expenses.

**RESPONSE:** The United States lacks sufficient information as to whether the disbursements were used solely for education expenses, and, therefore denies. The records to support what expenses were paid with the loan disbursements would be in Plaintiff's possession and are not readily obtainable by the United States to enable it to admit or deny.

**REQUEST NO. 3.**    That Plaintiff graduated from Wayne State University in Detroit MI ("WSU").

**RESPONSE:** The United States lacks sufficient information to respond to this request, and, therefore, denies.  Plaintiff should have the records in her possession to establish her graduation from Wayne State University, but has not provided this information to the United States to support her request to admit so that the United States can admit or deny.

**REQUEST NO. 4.**    That Plaintiff, inexplicably and without notice, became increasingly ill beginning in or about 2005.

**RESPONSE:** The United States cannot respond because of the conclusory, generalized nature of the allegation and the lack of sufficient information to respond to this request, and, therefore,

3

denies. The information needed to respond to this request is within Plaintiff's possession and control, but she has not provided such information either in support of this request or in response to the United States' discovery requests so that the United States can readily obtain sufficient information to enable it to admit or deny.

**REQUEST NO. 5.** That as a result of Plaintiff's illness, she was laid off, transferred from school-to-school, became unable to obtain a promotion and/or seek or maintain any other kind of gainful employment for approximately nine (9) years.

**RESPONSE:** The United States cannot respond because of the conclusory, generalized nature of the allegation and the lack of sufficient information to respond to this request, and, therefore, denies. The information needed to respond to this request is within Plaintiff's possession and control, but she has not provided such information either in support of this request or in response to the United States' discovery requests so that the United States can readily obtain sufficient information to enable it to admit or deny.

**REQUEST NO. 6.** That Plaintiff has experienced pay cuts and reduced benefits as a result of her employment with Detroit City School' District ("DPS"), a school district that is under control of a Financial Manager appointed by the State of Michigan.

**RESPONSE:** The United States cannot respond because of the conclusory, generalized nature of the allegation and the lack of sufficient information to respond to this request, and, therefore, denies. The information needed to respond to this request is within Plaintiff's possession and control, but she has not provided such information either in support of this request or in response to the United States' discovery requests so that the United States can readily obtain sufficient information to enable it to admit or deny.

**REQUEST NO. 7.** That Plaintiff was rescued from home eviction by Human Service

Organizations in 2012 as a result of her student loan payments and 2011 injury.

**RESPONSE:** The United States lacks sufficient information to respond to this request, and, therefore, denies. The information needed to respond to this request is within Plaintiff's possession and control, but she has not provided such information either in support of this request or in response to the United States' discovery requests so that the United States can readily obtain sufficient information to enable it to admit or deny.

**REQUEST NO. 8.** That Plaintiff eventually had to eventually file for Chapter 7 bankruptcy to provide food and shelter for her and her daughter.

**RESPONSE:** The United States admits that the electronic docket of the Bankruptcy Court reveals that Plaintiff filed a Chapter 13 bankruptcy on January 17, 2012, and converted that bankruptcy to Chapter 7 on May 16, 2012. The United States lacks sufficient information to either admit or deny the Plaintiff's motivations for filing bankruptcy.

**REQUEST NO. 9.** That as a result of Plaintiffs condition, she has accepted nonpaid leaves from her job classified under the Family Medical Leave. Act.

**RESPONSE:** The United States objects to the vagueness of this request, which does not state either her specific condition, her employment or the periods for which she asserts she was granted unpaid leaves. The United States lacks sufficient information to respond to this request, and, therefore, denies. The information needed to respond to this request would likely be her employment records, and accordingly is within Plaintiff's possession or control, but she has not provided such information either in support of this request or in response to the United States' discovery requests so that the United States can readily obtain sufficient information to enable it to admit or deny.

5

**REQUEST NO. 10.**  That among the doctors Plaintiff has seen, she has visited a physical medicine medical physician named Dr. M. David Jackson ("Dr. Jackson").

**RESPONSE:**  The United States objects to the vagueness of this request, which fails to identify when plaintiff saw the physician and the location and contact information for the physician. The United States lacks sufficient information to respond to this request, and, therefore, denies. The information needed to respond to this request would likely be Plaintiff's medical records or would be elicited through the deposition of the physician, and accordingly is not readily obtainable by the United States to enable it to admit or deny.

**REQUEST NO. 11.**  That Dr. Jackson diagnosed Plaintiff with fibromyalgia.

**RESPONSE:**  The United States objects to the vagueness of this request, which fails to identify when Dr. Jackson diagnosed the Plaintiff with fibromyalgia. The United States lacks sufficient information to respond to this request, and, therefore, denies. The information needed to respond to this request would likely be Plaintiff's medical records or would be elicited through the deposition of the physician, and accordingly is not readily obtainable by the United States to enable it to admit or deny.

**REQUEST NO. 12.**  That Dr. Jackson diagnosed Plaintiff with severe pain and periodic flair ups.

**RESPONSE:**  The United States objects to the vagueness of this request, which fails to identify when Dr. Jackson diagnosed the Plaintiff with these conditions.  The United States lacks sufficient information to respond to this request, and, therefore, denies. The information needed to respond to this request would likely be Plaintiff's medical records or would be elicited through the deposition of the physician, and accordingly is not readily obtainable by the United States to enable it to admit or deny.

**REQUEST NO. 13.**     That Dr. Jackson diagnosed Plaintiff with depression from pain.

**RESPONSE:** The United States objects to the vagueness of this request, which fails to identify when Dr. Jackson diagnosed the Plaintiff with this condition. The United States lacks sufficient information to respond to this request, and, therefore, denies. The information needed to respond to this request would likely be Plaintiff's medical records or would be elicited through the deposition of the physician, and accordingly is not readily obtainable by the United States to enable it to admit or deny.

**REQUEST NO. 14.**   That among the doctors Plaintiff has seen, she has visited a rheumatologist physician name Dr. Michael Shlomo who restricted Plaintiffs movements.

**RESPONSE:** The United States objects to the vagueness of this request, which fails to identify when Plaintiff was seen by Dr. Schlomo, when these restrictions were issued and the nature and duration of the restrictions. The United States lacks sufficient information to respond to this request, and, therefore, denies. The information needed to respond to this request would likely be Plaintiff's medical records or would be elicited through the deposition of the physician, and accordingly is not readily obtainable by the United States to enable it to admit or deny.

**REQUEST NO. 15.**   That among the doctors Plaintiff has seen, she has visited Perfect Smile Dental-Office and received a treatment plan from physician name Dr. Marion Mason ("Dr. Mason,'). Dr. Mason included several root canals and multiple fillings in her plan.

**RESPONSE:** The United States objects to the vagueness of this request, which fails to identify when Plaintiff was seen by Dr. Marion Mason and the dates of the root canals and fillings. The United States lacks sufficient information to respond to this request, and, therefore, denies. The information needed to respond to this request would likely be Plaintiff's dental records or would

7

be elicited through the deposition of the dentist, and accordingly is not readily obtainable by the United States to enable it to admit or deny.

REQUEST NO. 16.  That in 2013, Dr. Jackson has filled out and signed forms for Plaintiff that certified that Plaintiff was permanently partially disabled, required American with Disabilities Accommodations and a FMLA.

RESPONSE:  The United States objects to the vagueness of this request, which does not identify the forms completed by Dr. Jackson or the entities or programs to which the forms were submitted.  The United States lacks sufficient information to respond to this request, and, therefore, denies. The information needed to respond to this request is within her possession or control, but she has not provided such information, either in support of this request or in response to the United States' discovery requests, and accordingly the information is not readily obtainable by the United States to enable it to admit or deny.

REQUEST NO. 17.  That Plaintiff had not been able to secure steady employment.  She has been required to reapply for her job annually and there have been educational requirements to maintain employment.

RESPONSE:  The United States denies that Plaintiff has not been able to obtain steady employment and responds that Plaintiff's bankruptcy schedules, filed on January 31, 2012, state that she has been employed for 13 years as a public school teacher.  The United States further responds that it lacks readily obtainable information regarding reapplication and educational requirements to enable it to admit or deny the second sentence of this request.

REQUEST NO. 18.  That Plaintiff currently takes medication to treat her illness.

RESPONSE:  The United States lacks sufficient information to respond to this request, and, therefore, denies. The information needed to respond to this request would likely be Plaintiff's

medical records or would be elicited through the deposition of her current physicians, and accordingly is not readily obtainable by the United States to enable it to admit or deny.

**REQUEST NO. 19.**   That Plaintiff still suffers from severe joint pain.

**RESPONSE:**  The United States lacks sufficient information to respond to this request, and, therefore, denies. The information needed to respond to this request would likely be Plaintiff's medical records or would be elicited through the deposition of her current physicians, and accordingly is not readily obtainable by the United States to enable it to admit or deny. Further, as pain is a subjective symptom, the United States is unable to admit or deny what Plaintiff feels.

**REQUEST NO. 20.**   That Plaintiff as a result of her medication suffers from fatigue.

**RESPONSE:**  The United States lacks sufficient information to respond to this request, and, therefore, denies. The information needed to respond to this request would likely be Plaintiff's medical records or would be elicited through the deposition of her current physicians, and accordingly is not readily obtainable by the United States to enable it to admit or deny. Further, as fatigue is a subjective experience, the United States is unable to admit or deny what Plaintiff feels.

**REQUEST NO. 21.**   That Plaintiff's sole proprietor business has been inactive since 2009.

**RESPONSE:**  The United States objects to this request to admit as vague and conclusory. Plaintiff has not identified the name, organizational form, nature or location of her business.  The United States lacks sufficient information to respond to this request, and, therefore, denies. The information needed to respond to this request is within Plaintiff's possession or control, but she has not been provided such information either in support of this request or in response to the

United States' discovery requests, and accordingly the United States neither knows nor can readily obtain sufficient information to enable it to admit or deny this request.

**REQUEST NO. 22.** That Plaintiff had to attend school and/or professional development to renew her professional teaching certification.

**RESPONSE:** The United States lacks sufficient information to respond to this request, and, therefore, denies. The information needed to respond to this request--Plaintiff's professional certification and employment records-- is within Plaintiff's possession or control, but she has not provided such information either in support of this request or in response to the United States' discovery requests, and accordingly the United States neither knows nor can readily obtain sufficient information to enable it to admit or deny this request.

**REQUEST NO. 23.** That Plaintiff, because of her illness, is unable to work more than forty (40) hours per week.

**RESPONSE:** The United States lacks sufficient information to respond to this request, and, therefore, denies. The information needed to respond to this request would likely be Plaintiff's medical records or would be elicited through the deposition of the physician, and accordingly is not readily obtainable by the United States to enable it to admit or deny. Further responding, a forty hour work week is full-time employment, which Plaintiff acknowledges being able to perform.

**REQUEST NO. 24.** That Plaintiff, because of her illness, is unable to work at a job that requires her to work year long. Her current employment allows in excess of 70 days off per year.

**RESPONSE:** The United States lacks sufficient information to respond to this request, and, therefore, denies. The information needed to respond to this request would likely be Plaintiff's medical records or would be elicited through the deposition of the physician, and accordingly is

not readily obtainable by the United States to enable it to admit or deny.  Further responding, public school teachers who are employed full time generally have summers and holidays off.

**REQUEST NO. 25.**   That Plaintiff, even with her current job of providing resource support for students with special needs in a public school, must sleep in excess of twelve (12) hours per night in order to maintain the mental focus that her relatively simple work requires.

**RESPONSE:**  The United States lacks sufficient information to respond to this request, and, therefore, denies. The information needed to respond to this request would likely be Plaintiff's medical records or would be elicited through the deposition of the physician, and accordingly is not readily obtainable by the United States to enable it to admit or deny.

**REQUEST NO. 26.**   That Plaintiff's outstanding indebtedness to each of the Defendants is substantially greater than her total net assets.

**RESPONSE:**  The United States admits that Plaintiff's outstanding indebtedness exceeds her assets as reported on her bankruptcy schedules at the time of her Chapter 13 petition.  The United States otherwise presently lacks sufficient information to respond to this overly broad request, which lacks any time frame, and denies the same.

**REQUEST NO. 27.**   That Plaintiff's monthly expenses are almost equal to Five Thousand One Hundred Four and 33/100 Dollars ($5,104.33) per month without student loan payments.

**RESPONSE:**  Plaintiff's Bankruptcy Schedule J, filed on January 31, 2012, Document No. 16, at pp. 19-20, shows total monthly expenditures of $2,488.00. Although Plaintiff's Schedules show many deductions from her income to cover health, auto and other insurance and retirement plans, the United States admits that student loan payments are not included in her expenditures.

The United States otherwise presently lacks sufficient information to respond to this overly broad request, which lacks any time frame and denies the same.

**REQUEST NO. 28.**   That Plaintiff's total monthly income is approximately Five Thousand One Hundred Four and 33/100 Dollars ($5,104.33) per month.

**RESPONSE:**  Plaintiff's Bankruptcy Schedule I, filed on January 31, 2012 at Document No. 16, at pp. 17-18, shows total monthly gross income of $4,605.79, and net income of $2,704.75 after various deductions for taxes and benefits, as well as a monthly adoption subsidy of $694.49.  The United States otherwise presently lacks sufficient readily obtainable information to respond to this overly broad request, which lacks any time frame, fails to specify whether the income figure is gross or net,  and denies the same.

**REQUEST NO. 29.**   That Plaintiff's reasonable annual income (the total amount) could not pay off the student loans in less than five years.

**RESPONSE:**  The United States objects to this request because the plaintiff does not provide a definition of "reasonable annual income" and asks the United States to admit to a speculation rather than a fact.  The United States lacks readily obtainable sufficient information to respond to this request, and, therefore, denies. Further responding, the Department of Education loans at issue are payable over a term of not less than ten years and are subject to administrative repayment options and relief, which the Plaintiff has failed to seek.

**REQUEST NO. 30.**   That Plaintiff cannot maintain, based on her current or retirement income and expenses, a minimal standard of living for herself and her dependents if forced to repay the student loans which are the subject matter of this litigation.

**RESPONSE:**  Denied.  A review of Plaintiff's bankruptcy schedules discloses that Plaintiff is employed as a full-time public school teacher with health and retirement benefits, and has an

adoption subsidy for her daughter who is covered by Medicaid. Plaintiff has more than sufficient income to maintain a comfortable standard of living and to make payments on her student loans, but refuses to do so, declining even to pursue administrative repayment options that could significantly reduce her student loan obligations.

**REQUEST NO. 31.** That Plaintiffs current state of affairs is likely to persist for a significant portion of the repayment period of the student loans which are the subject matter of this litigation.

**RESPONSE:** The United States is without information sufficient to form a belief as to the truth or falsity of this statement, and therefore denies. As to whether financial affairs allow her to re-pay her student loans, see Response to No. 30.

**REQUEST NO. 32.** That Plaintiff has made good faith efforts to achieve the financial security which would allow her to repay the loans.

**RESPONSE:** Denies. Plaintiff has made no effort to repay her loans voluntarily and refuses to apply for administrative repayment options that would reduce her payment and ultimately her student loan obligations. See, Exhibit D: Historical Information, Documents #HIST-0001 to HIST-0017; and Exhibit E: Note Pad entries, Documents #NOTES-0001 to NOTES-0006.

**REQUEST NO. 33.** That Plaintiff has repaid sums which in total are an amount equal to or greater than the interest payment on her student loans.

**RESPONSE:** Denies. The Plaintiff has paid a total of $2,526.28. Pursuant to 34 C.F.R. § 685.202(b), a total of $32,295.64 in unpaid interest was capitalized and added to the principal balances. The current interest balance is: $12,326.39 as of May 9, 2014. See, Exhibit B: Borrower History, Documents #BHIST-0001 to BHIST-0033, from 1996-2001, including,

Borrower History, Documents #BHIST-0034 to BHIST-0054, from 2002-2004; Exhibit C:

Payment History (from garnishment), Documents #PAYHIST-0001 to PAYHIST-0002; Exhibit

G: Borrower Records from Debt Management Collections System, Documents #LITREPORT-

0001 TO LITREPORT-0034; and Exhibit H:DMCS Legacy Snapshot, Account Summary

Report, Documents #LEGACY-0001 to LEGACY-0042.

**REQUEST NO. 34.** That the Debtor/Plaintiff is now 61 years old and is not expected to

be able to pay off both principal and interest during her lifetime. If she lives to be 100 years old

the principal payment amount without interest would require a payment in excess of $416.00 per

month.

**RESPONSE:** Denies. Plaintiff currently owes $126,413.58, as of May 9, 2014. If she availed

herself of public service or income based administrative repayment options, she could have her

loan repaid in as little as ten years, with reduced payments based on her income and household

composition. Information concerning Public Service Loan Forgiveness is located at

https://studentaid.ed.gov/repay-loans/forgiveness-cancellation/charts/public-service .Overview of

Direct Loan and FFEL Program Repayment Plans is located at https://studentaid.ed.gov/repay-

loans/understand/plans.

**REQUEST NO. 35.** That requiring Debtor/Plaintiff to repay the education loans would

result in an undue hardship.

**RESPONSE:** Denies. Plaintiff has substantial discretionary income that would permit her to

repay these loans and has declined to avail herself of administrative repayment options that

would reduce her payment and the term.

**REQUEST NO. 36.** That requiring Debtor/Plaintiff to repay the educational loans

would be unconscionable.

**RESPONSE:** Denies. Plaintiff has substantial discretionary income that would permit her to repay these loans and has declined to avail herself of administrative repayment options that would reduce her payment and the term.

## INTERROGATORIES

INTERROGATORY NO. 1. State in detail your version of the facts that are the subject matter of this litigation and describe in detail your version of how the incidents and events that are the subject matter of this lawsuit occurred.

**RESPONSE:** The United States objects to this request as unduly broad and generalized. Plaintiff seeks a discharge of her student loans on the grounds of undue hardship and is in possession or control of the information that supports her claim for relief. Defendant United States is seeking that information through discovery, which is ongoing. The United States Department of Education has information regarding her direct student loan obligations and provides this information in response.

| Debt ID | Loan Type | Disbursement Date | Disbursement Amount |
|---------|-----------|-------------------|---------------------|
| D201005050241803 | Direct Stafford Subsidized | 11/01/96 | $8,500.00 |
| D201005050242409 | Direct Stafford Unsubsidized | 05/17/97 | $4,000.00 |
| D201005050241904 | Direct Stafford Subsidized | 10/08/97 | $8,500.00 |
| D201005050242005 | Direct Stafford Subsidized | 09/11/98 | $3,336.00 |
| D201005050242207 | Direct Stafford Subsidized | 05/15/99 | $1,876.00 |
| D201005050242106 | Direct Stafford Subsidized | 05/15/99 | $3,288.00 |
| D201005050241210 | Direct Stafford Unsubsidized | 06/04/99 | $4,169.00 |
| D201005050241601 | Direct Stafford Subsidized | 10/08/99 | $8,500.00 |
| D201005050241702 | Direct Stafford Subsidized | 09/19/00 | $4,250.00 |

15

| D201005050242308 | Direct Stafford Unsubsidized | 10/21/00 | $3,986.00 |
|---|---|---|---|
| D2010050502412 | Direct Stafford Unsubsidized | 08/28/02 | $11,749.00 |
| D201005050241311 | Direct Stafford Subsidized | 08/28/02 | $5,500.00 |
| D201005050241513 | Direct Stafford Unsubsidized | 08/29/03 | $18,778.00 |

Total: $83,432.00

On or about 11/01/96, 05/12/97, 09/17/97, 08/31/98, 05/13/99, 06/05/99, 06/05/99 and 09/07/99, the Plaintiff executed Direct Loans Promissory Notes and a Direct Loans Master Promissory Note. The Loans were made by the Department of Education under the William D. Ford Federal Direct Loan Program under Title IV, Part D of the Higher Education Act of 1965, as amended, 20 U.S. C. 1087a et seq. (34 C.F.R. Part 685). See Exhibit A. The Plaintiff received 2 years and 8 months of deferments/forbearances. See Exhibit B. The Plaintiff refused to make payments on her loans after the deferments/forbearances ended on 08/21/09.  The Department demanded payment according to the terms of the notes, and the Plaintiff defaulted on the obligation on 06/04/10. See Exhibit B. The Plaintiff's loans entered the Department's Debt Management Collections System (DMCS) on 9/15/10. See Exhibit H. The Plaintiff was sent an initial contact notice to pay on 09/17/10, but Plaintiff refuse to make payment arrangement. On 12/18/10, Plaintiff's student loans were assigned to Diversified, one of the Department's contracted collection agency. The Plaintiff refused to make payment arrangement and on 08/26/11, Administrative Wage Garnishment (AWG) was initiated.  See Exhibit H. The Department collected a total of $2,526.28 through AWG.

**INTERROGATORY NO. 2.**   Identify in detail the factual basis for each of your claims and defenses to this action and every document, statement or thing which supports your claims or

defenses and attach copies of such documents, statements or things to your Answers to these Interrogatories.

**RESPONSE:** The United States objects to this request as unduly broad and generalized. The United States has no claims in this lawsuit, only defenses. As discovery is ongoing, the United States has not identified all factual bases, documents and statements that support its defense to Plaintiff's claim for a hardship discharge. Plaintiff's Bankruptcy Schedules I and J, filed on January 31, 2012 at Document No. 16, establish that Plaintiff has enjoyed for years a comfortable income as a public school teacher, as well as public assistance with the expenses of raising her daughter, but has chosen not to pay her student loans or even to seek administrative payment options for the partial repayment of these loans. See Exhibit D: Historical Information, Documents #HIST-0001 to HIST-0017; and Exhibit E: Note Pad entries, Documents #NOTES-0001 to NOTES-0006.

**INTERROGATORY NO. 3.** Identify all communications, oral or otherwise, in which you were a participant or a witness, which in any way relate to the subject matter of this litigation.

**RESPONSE:** To the extent that this interrogatory seeks attorney-client communications, the United States objects on the grounds of privilege, and further objects that the interrogatory lacks specificity regarding the communications sought. Further responding, the communications between the Department of Education and its agents are documented in Exhibit B: Borrower History, Documents #BHIST-0001 to BHIST-0033, from 1996-2001, including, Borrower History, Documents #BHIST-0034 to BHIST-0054, from 2002-2004; Exhibit D: Historical Information, Documents #HIST-0001 to HIST-0017; Exhibit E: Note Pad entries, Documents #NOTES-0001 to NOTES-0006; Exhibit F: Letters and Notices, Documents #NOTICES-0001 to

NOTICES-0003; and, Exhibit H: DMCS Legacy Snapshot, Account Summary Report, Documents #LEGACY-0001 to LEGACY-0042.

**INTERROGATORY NO. 4.**  Identify any and all documents consulted, referred to or used in preparing your Responses to these Interrogatories, Requests for Admissions, Requests for Production of Documents.

**RESPONSE:** See attached:

Exhibit A:    Promissory Notes, Documents #NOTE-0001 to NOTE-0008

Exhibit B:    Borrower History, Documents #BHIST-0001 to BHIST-0033,

from 1996-2001, including, Borrower History, Documents #BHIST-0034 to BHIST-0054, from 2002-2004

Exhibit C:    Payment History (from garnishment), Documents #PAYHIST-0001 to PAYHIST-0002

Exhibit D:    Historical Information, Documents #HIST-0001 to HIST-0017

Exhibit E:    Note Pad entries, Documents #NOTES-0001 to NOTES-0006

Exhibit F:    Letters and Notices, Documents #NOTICES-0001 to NOTICES-0003

Exhibit G:    Borrower Records from Debt Management Collections System, Documents #LITREPORT-0001 TO LITREPORT-0034

Exhibit H:    DMCS Legacy Snapshot, Account Summary Report, Documents #LEGACY-0001 to LEGACY-0042

And, Plaintiff's Bankruptcy Schedules, filed as Document No. 16, pp. 1-21 and Plaintiff's Statement of Financial Affairs, Document No. 16, pp. 22-35.

**INTERROGATORY NO. 5.**   Identify every person, who is a witness to the incidents and events that are involved in the• subject matter of this litigation or has knowledge of any relevant fact(s) pertaining to this litigation, give a brief statement of the facts believed to be known by each such person(s) and how they became known.

**RESPONSE:** The United States objects to this interrogatory as unduly broad and burdensome. Defendant, as the holder of the loans, has knowledge only of the origination, servicing, history and status of these loans.  Plaintiff is in possession of the facts and identities of the witnesses with information relevant to her claim for a hardship discharge of her student loans.  With regard to these loans, the United States has identified:

> Sheryl Davis
> Senior Loan Analyst, Litigation Support
> Federal Student Aid
> U.S. Department of Education
> 50 Beale Street, Suite 8624
> San Francisco, CA  94105

If Ms. Davis is unavailable, the United States will call another loan analyst who is qualified to testify regarding to the Plaintiff's student loans, that the Department of Education holds these, what the balances are on these loans, the loan servicing histories, including any forbearances or deferral requests and approvals, or other repayment plans or admin discharge requests and results, and the repayment plans available.

**INTERROGATORY NO. 6.** Identify each person whom you expect to call as a witness at the trial of the above-entitled action and designate whether each such witness is an expert witness.

**RESPONSE:** The United States objects to this Interrogatory as premature, as discovery is ongoing.  The United States may call:

Sheryl Davis
Senior Loan Analyst, Litigation Support
Federal Student Aid
U.S. Department of Education
50 Beale Street, Suite 8624
San Francisco, CA 94105

Ms. Davis is not an expert and is not being called as an expert.

Other witnesses, expert or lay, may be called depending on the information obtained through discovery.

**INTERROGATORY NO. 7.** For each expert witness named in response to the preceding Interrogatory state the following:

a. The subject matter to which each such expert is expected to testify;

b. The substance of the facts and opinion to which each such expert is expected to testify;

c. A detailed summary of the grounds for each expert's opinions; and,

d. A complete resume of each expert's education, work background and qualifications.

**RESPONSE:** The United States has not yet determined whether to call an expert witness, and reserves the right to do so. Should the United States identify an expert witness whom it intends to call at trial, it will make the disclosures that are required by Fed.R.Civ.P. 26.

**INTERROGATORY NO. 8.** Identify all persons answering or helping to answer these Interrogatories.

**RESPONSE:** Sheryl Davis
Senior Loan Analyst, Litigation Support
Federal Student Aid
U.S. Department of Education
50 Beale Street, Suite 8624
San Francisco, CA 94105

Julia A. Caroff
Assistant U.S. Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226

20

S. Dawn Scaniffe
General Attorney
Office of General Counsel
U.S. Department of Education
400 Maryland Avenue, S.W.
Washington, DC 20202-2110

**INTERROGATORY NO. 9.** For each Request for Admission submitted to you by the party represented by the undersigned counsel that you have not unqualifiedly admitted, state fully and comprehensively all facts and identify all documents on which you rely to base the denial or qualification of each such Request for Admission.

**RESPONSE:** The United States objects to this Interrogatory as burdensome and repetitive. Further responding, Plaintiff is directed to the United States' individual responses to the Requests to Admit.

## REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1.** All documents which in any way relate to any claims and defenses which you may assert in this litigation including collection communication to Plaintiff.

**RESPONSE:** The United States objects to this request as overly broad and burdensome. Defendant, as the holder of the loans, has knowledge only of the origination, servicing, history and status of these loans. Plaintiff is in possession of the facts and identities of the witnesses with information relevant to her claim for a hardship discharge of her student loans. Further responding, the United States has identified the following documents, referred to in the responses to the requests to admit and interrogatories:

Exhibit A:    Promissory Notes, Documents #NOTE-0001 to NOTE-0008
Exhibit B:    Borrower History, Documents #BHIST-0001 to BHIST-0033,
              from 1996-2001, including,
              Borrower History, Documents #BHIST-0034 to BHIST-0054,
              from 2002-2004
Exhibit C:    Payment History (from garnishment), Documents #PAYHIST-0001 to

21

PAYHIST-0002
Exhibit D:      Historical Information, Documents #HIST-0001 to HIST-0017
Exhibit E:      Note Pad entries, Documents #NOTES-0001 to NOTES-0006
Exhibit F:      Letters and Notices, Documents #NOTICES-0001 to NOTICES-0003
Exhibit G:      Borrower Records from Debt Management Collections System,
                Documents #LITREPORT-0001 TO LITREPORT-0034
Exhibit H:      DMCS Legacy Snapshot, Account Summary Report,
                Documents #LEGACY-0001 to LEGACY-0042

**REQUEST NO. 2.**    All contracts, statements or account invoices and other documents related to or described in any relationships between any of the parties hereto.

**RESPONSE:** The United States objects to this requests as overly broad and very burdensome, and limits its response to Plaintiff's loans.  Further responding, see the documents listed in response to Request No. 1.

**REQUEST NO. 3.**    All documents which you have identified in your Responses and Answers to these Request for Admissions, Interrogatories and Request for Production of Documents and all documents which you have in any manner whatsoever relied upon in answering any part of these Request for Admissions, Interrogatories and Request for Production of Documents.

**RESPONSE:** The United States has identified those documents in its individual responses and refers Plaintiff to the same.

**REQUEST NO. 4.**    All contracts and/or agreements entered into between you and any other parties regarding the subject matter of this litigation.

**RESPONSE:** The United States objects to this request on the grounds of relevancy.  Should the United States retain an expert witness for testimony at trial, then the expert's compensation will be provided to Plaintiff pursuant to Federal Rule of Civil Procedure 26(a)(2)(B)(vi).

**REQUEST NO. 5.**    All other documents that have not been requested in the foregoing

requests, but that are in your possession that in any way relate to the subject matter of this litigation.

**RESPONSE:** The United States objects to this request as overly broad and burdensome.

I certify these responses in accordance with Federal Rule of Civil Procedure 26(g).

BARBARA L. McQUADE
United States Attorney

s/Julia  A. Caroff
JULIA A. CAROFF
Assistant U.S. Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226
Phone: (313) 226-9772
Email: Julia.caroff@usdoj.gov
Penna. Bar No. 37949

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

In re:

PATRICIA MONET CONNER,

                Debtor.    /

PATRICIA MONET CONNER,

                Plaintiff,

-vs-

U.S. DEPARTMENT OF EDUCATION, et al.

                Defendant.

Bankr. No. 12-41004-MBM
Chapter 7
Hon. Marci B. McIvor

Adversary No. 13-05355-mbm
Hon. Marci B. McIvor

## CERTIFICATE OF SERVICE

       I hereby certify that on May 9, 2014, I electronically filed the United States of America's Responses to Plaintiff's First Set of Requests for Admissions; Interrogatories and Requests for Production of Documents with the Clerk of the Court using the ECF System which will send notification of such filings to all counsel of record.

       I further certify that I have served a copy of the filed documents by placing it in first-class U.S. mail addressed to:

Patricia Monet Conner
26775 Pebbleview
Apt. #102
Southfield, MI 48034

                             /s/Julia A. Caroff
                             JULIA A. CAROFF
                             Assistant U.S. Attorney
                             211 W. Fort Street, Suite 2001
                             Detroit, MI 48226
                             Phone: (313) 226-9772
                             E-mail: julia.caroff@usdoj.gov
                             Penna. Lic. No. 37949